UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN PRESSLEY,

                            Plaintiff,

        - against -

MICHAEL J. ASTRUE, Commissioner of Social
Security,

                            Defendant.

12 Civ. 8461(ER)(PED)

REPORT AND
RECOMMENDATION

TO:    THE HONORABLE EDGARDO RAMOS,
       UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Kevin Pressley ("Plaintiff"), through counsel, seeks review pursuant to 42 U.S.C. §

405(g) of a decision by the Commissioner of Social Security ("Defendant") denying his claim

for Social Security Disability ("SSD") benefits.  Before the court is Defendant's motion to

dismiss the action pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure on

the ground that Plaintiff failed to commence the action within the sixty-day time period provided

by § 405(g).  (Dkt. 5.)  The matter comes before me pursuant to an Order of Reference dated

November 27, 2012.  (Dkt. 2.)  For the reasons set forth below, I respectfully recommend that

Respondent's motion be **GRANTED** and the case **DISMISSED**.

## II. BACKGROUND

The complaint alleges that after Plaintiff's application for SSD benefits was denied, he

requested a hearing and a hearing was held on October 6, 2010.  The Administrative Law Judge

denied Plaintiff's claim on April 8, 2011.  (Compl. ¶ 7 (Dkt. 1).)  On June 7, 2011, Plaintiff

requested review by the Appeals Council.  (Id. ¶ 8.)  The request was denied on September 10,

2012.  (Id.)  Thereafter, Plaintiff initiated this civil action in the federal district court for the

Southern District of New York. Although the complaint is dated November 9, 2012, it was not filed until November 19, 2012.

Defendant filed its motion to dismiss on April 5, 2013. (Dkt. 5.) No response from Plaintiff has been received.[1]

## III. DISCUSSION

### A.    Applicable Law

#### 1.    *Motion to Dismiss*

"'A statute of limitations defense, based exclusively on dates contained within the complaint or appended materials, may be properly asserted by a defendant in a Rule 12(b)(6) motion.'" Rodriguez *ex rel.* J.J.T. v. Astrue, No. 10 Civ. 9644(PAC)(JLC), 2011 WL 7121291, at *2 (S.D.N.Y. July 25, 2011) (Report & Recommendation) (quoting Gelber v. Stryker Corp., No. 09 Civ. 1322(PKC), 2011 WL 1483927, at *5 (S.D.N.Y. Apr. 18, 2011)), adopted by 2012 WL 292382, at *1-2 (S.D.N.Y. Jan. 31, 2012). "Indeed, a motion to dismiss on statute of limitations grounds . . . 'generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1).'"

---

[1] On May 2, 2013, my staff contacted the law firm that filed notice of appearance on Plaintiff's behalf. Attorney Stacey Rinaldi Guzman indicated that she was counsel on this matter (although her name does not appear as attorney of record on the docket). Ms. Rinaldi Guzman was informed of the missed deadline, as well as the fact that counsel failed to provide an email address for the court's electronic filing system. On May 8, 2013, Ms. Rinaldi Guzman faxed a letter to chambers seeking to extend her deadline to respond to the motion to June 7, 2013. However, the letter did not indicate whether defense counsel had consented to this request or whether defense counsel had been sent a copy of the letter. Again, my staff contacted Ms. Rinaldi Guzman and informed her that the Court could not entertain such an *ex parte* communication. Counsel was asked to contact defense counsel, seek consent for the extension, and re-fax her letter to chambers with an indication that defense counsel had been copied. No further communication from plaintiff's law firm has been received. Additionally, Ms. Rinaldi Guzman has not filed a notice of appearance, nor has the contact information for her firm been updated on the docket to include an email address.

Id. (quoting Nghiem v. U.S. Dep't of Veterans Affairs, 451 F. Supp. 2d 599, 603 (S.D.N.Y. 2006)).

"To survive a motion to dismiss [filed pursuant to Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

### 2. *Social Security Claims*

It is well-established that the doctrine of sovereign immunity prevents the federal government from being sued "without its consent." United States v. Navajo Nation, 556 U.S. 287, 289 (2009) (citing FDIC v. Meyer, 510 U.S. 471, 475 (1994)). For purposes of Social Security claims, the United States has consented to be sued under the limited circumstances provided by 42 U.S.C. § 405(g). That statute provides, in relevant part, that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

§ 405(g). The Commissioner's Regulations further provide that:

> Any civil action . . . must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).  "The claimant thus has 65 days from the date of a final decision notice to file suit."  Velez v. Apfel, 229 F.3d 1136, 1136 (2d Cir. 2000).  "Because the 60-day limit is a statute of limitations, 'it is a condition on the waiver of sovereign immunity and thus must be strictly construed.'"  Rodriguez, 2011 WL 7121291, at *3 (quoting Bowen v. City of New York, 476 U.S. 467, 479 (1986)).

**B.**     **Application**

   **1.**     ***The Complaint is Untimely***

In this case, the Appeals Council denied Plaintiff's request for review on September 10, 2012.  The complaint does not plead the date that Plaintiff received notice of this denial. Accordingly, the presumed date of his receipt of the notice is five days thereafter, or September 15, 2012.  Plaintiff has not responded to the motion to dismiss and thus has suggested no reason why the five day presumption should not apply here.

Plaintiff then had sixty days, or until November 14, 2012, to commence the instant federal action.  His complaint was filed on November 19, 2012–five days *after* the time for filing had expired.  The complaint is therefore untimely and courts within this Circuit routinely dismiss Social Security cases under similar circumstances.  See, e.g., Ware v. Astrue, No. 12 Civ. 3381(JGK), 2013 WL 444766, at *1-2 (S.D.N.Y. Feb. 6, 2013) (*pro se* plaintiff's nine day late filing dismissed as untimely); Cruz *ex rel.* C.M.R. v. Astrue, No. 11 Civ. 199(ARR), 2012 WL 314869, at *2-4 (E.D.N.Y. Feb. 1, 2012) (*pro se* plaintiff's three month late filing dismissed as untimely); Rodriguez, 2012 WL 292382, at *1-2 (*pro se* plaintiff's three week late filing dismissed as untimely).

2.    _**Equitable Tolling is Not Warranted**_

The doctrine of equitable tolling applies to Social Security cases.  Bowen, 476 U.S. at

480; Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005).  A litigant will be entitled to such a

toll where he "can show that 'he has been pursuing his rights diligently' and that 'some

extraordinary circumstance stood in his way.'"  Torres, 417 F.3d at 279 (quoting Pace v.

DiGuglielmo, 544 U.S. 408, 418 (2005)).  As indicated above, Plaintiff has not responded to the

motion to dismiss or demonstrated in any way that he has been pursuing his rights diligently, or

that some extraordinary circumstance prevented timely filing.

## IV.  CONCLUSION

Accordingly, I conclude–and respectfully recommend that Your Honor should

conclude–that Defendant's motion to dismiss should be **GRANTED**, and the complaint

**DISMISSED**.

Dated: June 12, 2013
        White Plains, New York

Respectfully Submitted,

Paul E. Davison
United States Magistrate Judge

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total

of seventeen (17) days, from service of this Report and Recommendation to serve and file

written objections.  See also Fed. R. Civ. P. 6(a), (b), (d).  Such objections, if any, along with

any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Edgardo Ramos, at the Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains, New York 10601 and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Ramos.


A copy of the foregoing Report and Recommendation has been sent to the following:

Stacey Rinaldi Guzman, Esq.
Stanton, Guzman & Miller, LLP
820 Hempstead Turnpike, 2nd Floor
Franklin Square, N.Y. 11010