UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                                :

KEVIN PRESSLEY                         :

                Plaintiff,              :        12 Civ. 8461 (NSR) (PED)
   -against-                                  :

                                            :        ORDER ADOPTING REPORT
MICHAEL J. ASTRUE, Commissioner of Social   :        AND RECOMMENDATION
Security,                                          :

                                            :
                Defendant.           :
-------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

      Kevin Pressley ("Plaintiff"), through counsel, seeks review under 42 U.S.C. § 405(g) of a decision by the Commissioner of Social Security ("Defendant") denying his claim for Social Security Disability ("SSD") benefits. Defendant has moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, asserting that Plaintiff failed to commence this action within the sixty-day time period provided by § 405(g). As this case was previously referred to Magistrate Judge Paul E. Davison, on June 12, 2013, Judge Davison issued a Report and Recommendation ("R & R") pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b) recommending that Defendant's motion be granted. For the following reasons, Defendant's motion to dismiss the complaint is granted

.

## Background[1]

Plaintiff alleges that his application for SSD benefits was denied by the Bureau of Disability Insurance of the Social Security Administration for failing to establish a period of disability and for not having an impairment severe enough to establish a period of disability. (Compl. ¶ 6.) Plaintiff subsequently requested a hearing, which was allegedly held on October 6, 2010. On April 8, 2011, an Administrative Law Judge ("ALJ") denied Plaintiff's claim. On June 7, 2011, Plaintiff requested review by the Appeals Council, but his request for review was denied on September 10, 2012.

On November 19, 2012, seventy days later, Plaintiff filed the instant action, asserting that the decision to deny him benefits was not supported by substantial evidence and was contrary to law and regulation. (Compl. ¶¶ 9-10.) After receiving an extension of time to answer, (M.J. Stip. & Order of Jan. 23, 2013), Defendant filed the instant motion to dismiss on April 5, 2013. Plaintiff did not file opposition papers.

On June 12, 2013, Magistrate Judge Davison issued the R & R recommending that this Court grant Defendant's motion to dismiss for failure to state a cause of action. Neither party has filed written objections to the R & R.

## Discussion

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

---

[1] Facts are taken from the R & R, unless otherwise noted.

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. *A judge of the court shall made a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.* A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b) (emphasis added); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Here, as neither party objected to Judge Davison's R & R, the Court reviews the recommendation for clear error.

In the Second Circuit,

> [w]here the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss.  Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter.

*Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *accord Gelber v. Stryker Corp.*, 788 F. Supp. 2d 145, 153 (S.D.N.Y. 2011); *Jowers v. Lakeside Family & Children's Servs.*, 435 F. Supp. 2d 280, 283 (S.D.N.Y. 2006).  Here, as Defendant relies on the express time limitation in the statute that allows individuals to seek judicial review of the Social Security

3

Administration's decisions, 42 U.S.C. § 405(g), it was not clearly erroneous on the face of the record for Judge Davison to confine the analysis to Rule 12(b)(6).

Judge Davison also did not err when he determined that Plaintiff's complaint fails to state a claim because Plaintiff failed to timely file his complaint. To bring a claim against the Social Security Administration,

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision *or within such further time as the Commissioner of Social Security may allow*.

42 U.S.C. § 405(g) (emphasis added). Under SSA regulations:

> Any civil action . . . must be instituted wi*thin 60 days after the Appeals Council's notice of denial of request for review* of the administrative law judge's decision or notice of the decision by the Appeals Council *is received* by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, *the date of receipt of notice of denial of request for review* of the presiding officer's decision or notice of the decision by the Appeals Council *shall be presumed to be 5 days after the date of such notice*, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c) (emphasis added). Here, the Appeals Council denied Plaintiff's request to review the ALJ's determination on September 10, 2012, and as the complaint does not indicate when Plaintiff received notice of this denial, under the regulation he presumably received it—and the sixty-day statute of limitations began to run—on September 15. The complaint was filed sixty-five days after September 15, on November 19, 2012.

Furthermore, although equitable tolling applies to § 405(g), *Bowen v. City of New York*, 476 U.S. 467, 480 (1986), Judge Davison did not err in finding that equitable tolling is inapplicable here. "[C]ourts [may] deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his

way.'" *Torres v. Barnhart*, 417 F.3d 276 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Plaintiff not only failed to oppose Defendant's motion to dismiss, he also failed to object to the R & R altogether. Thus, Plaintiff has neither pursued his rights diligently nor shown extraordinary circumstances that entitle him to equitable tolling.

## Conclusion

For the reasons stated above, this Court adopts Magistrate Judge Davison's Report and Recommendation in its entirety. Defendant's motion to dismiss the complaint for failure to state a claim is, therefore, GRANTED. The Clerk of Court is directed to close this case.

Dated: August 2, 2013
      White Plains, New York

SO ORDERED:

_____  8/2/13
NELSON S. ROMÁN
United States District Judge